IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DERRICK B. JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:09-CV-243 (CAR) |
| UNITED STATES MARSHALS SERVICE; VAN PEAVY; | : | |
| Defendants | : | |
| _____ | : | **ORDER** |

Plaintiff **DERRICK B. JACKSON,** presently incarcerated at the Dooly County Justice Center in Pinehurst, Georgia, has filed a *pro se* civil rights complaint.  Plaintiff has not paid the required $350.00 filing fee nor has he sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  However, because plaintiff has not paid the required filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmates right to due process of law; or an inmates right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g).  ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals plaintiff has a prolific filing history.  At present, at least five (5) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: ***Jackson v. Bushway***, 5:07-cv-333-CAR (M.D. Ga. Nov. 6, 2007); ***Jackson v. Bushway***,

5:07-cv-328-CAR (M.D. Ga. Sept. 4, 2007); *Jackson v. USA*, 5:07-cv-287-CAR (M.D. Ga. Aug. 20, 2007); *Jackson v. Mizzola*, 5:07-cv-156-CAR (M. D. Ga. July 30, 2007); and *Jackson v. Francisco*, 5:99-cv-63-WDO (M.D. Ga. June 11, 1999).

Because plaintiff has had at least five prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing.

Therefore, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action against these defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[1]

**SO ORDERED**, this 23rd day of July, 2009.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL
        UNITED STATES DISTRICT JUDGE

lnb

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.